# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAUL BONILLA, LUIS MONTENEGRO,**
**JOSE GOMEZ,**

                **Plaintiffs,**

**-vs-**                                                          **Case No. 6:06-cv-1860-Orl-28UAM**

**VHUV NATURAL STONE, INC., VICTOR**
**H. VELANDIA,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION TO EXTEND TIME TO FILE MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 26)**
>
> **FILED:**     May 17, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. It is **FURTHER RECOMMENDED** that the Court **DISMISS** the case against VHUV Natural Stone for failure to prosecute.

    Plaintiffs served Defendants on December 9, 2006. Docket 6, 7. Defendant Victor Velandia answered the complaint, but Defendant VHUV Natural Stone, Inc. did not. Docket 4, 15. Pursuant to Plaintiffs' motion, the Clerk entered default against VHUV Natural Stone on January 23, 2007. Docket 9.

Plaintiffs first moved for an extension of time to file a motion for final default judgment against VHUV Natural Stone on February 20, 2007. Docket 13. The motion was denied because Plaintiffs had failed to confer with Velandia and had failed to serve Velandia with the motion. Docket 16. Plaintiffs filed an amended motion to extend time to file a motion for final default judgment on February 23, 2007. Docket 17. The Court again denied the motion for failing to confer as required by Local Rule 3.01(g). Docket 20.

On April 20, 2007, the Court issued an order to show cause why the complaint against VHUV Natural Stone should not be dismissed for failure to prosecute. Docket 22. Plaintiffs' response stated that the attorney responsible for the matter, Charles Scalise, had recently left the firm, and that they need an extension of time to prepare the Plaintiffs' affidavits. Docket 25. Plaintiffs provide no excuse why the motion for default judgment was not prepared during the time that Scalise was responsible for their case.

On May 17, 2007, Plaintiffs' filed their third motion to extend time to file a motion for final default judgment against VHUV Natural Stone. Docket 26. Although default was entered almost four months ago, Plaintiff's third motion provides no reason why an additional 30 days is needed to file the motion for default judgment.[1] Nor do Plaintiffs explain why the affidavits could not have been prepared between the time that the Court issued its OSC and the filing of this third motion.

Plaintiffs have had ample opportunity to file their motion for default judgment and provide no good cause for any additional extension of time. The Court concludes that Plaintiffs have failed to act diligently to prosecute their case against VHUV Natural Stone.

---

[1] The concluding sentence of the motion mysteriously requests an additional 30 day extension "to perfect service on Defendant." Docket 26 at 2. Since service already has been made, the Court assumes Plaintiffs request for an additional 30 days is to file the motion for final default judgment.

**IT IS RECOMMENDED THAT:**

1. The Court **DENY** Plaintiff's [26] motion for an extension of time to file their motion for final default judgment against VHUV Natural Stone; and

2. The Court **DISMISS** VHUV Natural Stone as a defendant to the action due to Plaintiffs' failure to act diligently to prosecute their action against it.  Local Rule 3.10.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party