# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAUL BONILLA, LUIS MONTENEGRO, JOSE GOMEZ,**

                **Plaintiffs,**

**-vs-**                                          **Case No.  6:06-cv-1860-Orl-28UAM**

**VHUV NATURAL STONE, INC., VICTOR H. VELANDIA,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT AGAINST VHUV NATURAL STONE, INC. (Doc. No. 29)**
>
> **FILED:**     **May 31, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**   **COURT'S OWN MOTION TO STRIKE VICTOR H. VELANDIA'S AMENDED ANSWER AND TO ENTER DEFAULT**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST VHUV NATURAL STONE**

Currently pending before the Court is the undersigned's report and recommendation that Plaintiff's motion to extend time to file their motion for default judgment be denied and their claim against VHUV Natural Stone ("VHUV") be dismissed for failure to act diligently to prosecute their action against it. Docket 27. Plaintiffs did not file any objection to the report and recommendation. Instead, they filed their late motion for default judgment against VHUV. Docket 29.

Although Plaintiffs have filed their belated motion for default judgment, the Plaintiffs' affidavits in support of the motion are self-contradictory and fail to establish facts from which the Court can calculate an award of damages with any certainty. For example, Raul Bonilla states at one point that he worked from September 18, 2006 through October 7, 2006, and "never received compensation." Docket 29-3 at ¶ 3. Bonilla then states from May 2006 through October 7, 2006, he received "straight time compensation from the defendants for the overtime hours worked." Docket 29-3 at ¶ 4. Although these time periods overlap, Bonilla provides different accounts of whether he was paid or not. Bonilla's affidavit also is unclear when he states "he was to be compensated at the rate of $16 per hour" if that is the amount of straight time compensation that he received or whether he was paid some other amount. Indeed, the affidavit in support of the motion for final default judgment fails to specify any amount paid to Bonilla for his work. Because the same form was used for each of the three plaintiffs, these defects are present for all plaintiffs.

Although the Clerk entered default against VHUV on January 23, 2007, Plaintiffs still have not submitted a motion that would enable the Court to enter default judgment for a sum certain. This

lackadaisical approach has been Plaintiffs' pattern throughout the litigation, and provides further support for finding that Plaintiffs have failed to prosecute their claims diligently.

**IT IS RECOMMENDED THAT**:

1.   The Court adopt the report and recommendation submitted at Docket 29 as unopposed, and deny the late motion for default judgment as moot, or, in the alternative,

2.   Deny the motion for default judgment as unsupported by sufficient evidence and dismiss the case against VHUV for Plaintiffs' failure to prosecute their claims diligently.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**II.   COURT'S MOTION TO STRIKE VICTOR H. VELANDIA'S AMENDED ANSWER TO THE COMPLAINT AND TO ENTER DEFAULT**

On May 21, 2007, the Court issued an order directing *pro se* Defendant Victor H. Velandia to show cause why he should not be sanctioned for failure to comply with the Court's Scheduling Order that he file a verified summary of hours worked by the plaintiffs. Docket 27. Velandia was directed to file a written response on or before June 5, 2007, and was warned that failure to file a written response or to provide good cause for his noncompliance may result in sanctions, including, but not limited to, monetary sanctions, striking of his answer and entry of default. *Id*. Velandia failed to respond to the Court's order and still has not complied with the Court's Scheduling Order. The undersigned, therefore, recommends that Velandia's amended answer to the complaint at Docket 15 be stricken and that default be entered against him.

**A.      ANALYSIS**

      **1.      The Law Regarding Sanctions**

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16(f) provides:

> If a party or party's attorney fails to obey **a scheduling or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16 (bold emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (B)     An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C)     An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D)     In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16 (f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The

sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See id.*

### 2. Application

The Court's Scheduling Order, entered on January 29, 2007, stayed all discovery in favor of a procedure designed to expedite resolution of claims brought under the Fair Labor Standards Act. Docket 11. The Scheduling Order further provides that the Court expects strict compliance with the deadlines set by the Order and that "failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." Docket 11 at ¶ 6.

Pursuant to the Scheduling Order, Velandia was required to serve on Plaintiffs and file with the Court a Verified Summary of all hours worked by Plaintiffs during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any. Velandia also was required to serve on Plaintiffs (but not file) a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary. Velandia's deadline to complete these requirements was 15 days after Plaintiffs filed their answers to Court Interrogatories.

Plaintiffs filed their answers to Court Interrogatories on February 14, 2007. Docket 14. Defendant's Verified Summary, therefore, was due by March 1, 2007. Within 30 days after Defendant's filing of the Verified Summary, counsel for Plaintiff and Defendant were required to meet and confer in person in a good faith effort to settle all pending issues, including attorneys fees and costs. No later than 10 days after the settlement conference, counsel were required to jointly file a Report Regarding Settlement. Docket 11.

Velandia's failure to provide his verified summary has effectively brought the litigation to a standstill. Plaintiffs are prohibited from prosecuting their case until Velandia provides the ordered

information and meets with Plaintiffs' counsel to discuss settlement. By refusing to comply with the Court's Scheduling Order, Velandia apparently is attempting to thwart adjudication of Plaintiffs' claims.

Velandia should not be permitted to profit from his flouting of the Court's orders. It appears Velandia has done nothing since filing his amended answer on February 20, 2007. Velandia's refusal to comply with Court orders severely disrupts the progress of the litigation. The Court has considered whether lesser sanctions would motivate Velandia to comply with its orders. Given Velandia's utter disregard of the Court's order to show cause, the Court concludes no sanction short of striking the pleadings and entry of default will suffice. For these reasons,

**IT IS RECOMMENDED THAT:**

1. Velandia's amended answer at Docket 15 be stricken and that default be entered against him.

2. The Court require Plaintiffs to file their motion for default judgment against Velandia within 15 days after adopting this report and recommendation. Any such motion must correct the deficiencies noted in the first part of this report and recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 15 2007.

*David A. Baker*

            DAVID A. BAKER
            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon, II
Counsel of Record
Unrepresented Party